1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON MALLORY,                        No.  2:14-cv-1203 KJM CKD PS

12                 Plaintiff,

13        v.                               ORDER

14   VACAVILLE POLICE DEPARTMENT,
     et al.,
15
                 Defendants.
16

17

18        Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has filed a first

19   amended complaint.

20        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

21   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

22   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915(e)(2).

24        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

26   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

27   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

28   490 U.S. at 327.

                                         1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5    statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

6    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

7    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

8    the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.

9    at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

10   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

11   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

12   U.S. 232, 236 (1974).  After reviewing the amended complaint, the court concludes that

13   plaintiff's amended complaint should be dismissed.  The court will, however, grant one final

14   opportunity to amend the complaint.

15   The Civil Rights Act under which this action was filed provides as follows:

16
17
18

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

19   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

20   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

21   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

24   omits to perform an act which he is legally required to do that causes the deprivation of which

25   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26   In this action, plaintiff alleges claims arising out of his arrest for use of pepper spray

27   during an altercation at a dance club in Vacaville, California.  Plaintiff alleges he was wrongfully

28   arrested and imprisoned for three days.  Plaintiff further alleges that the felony charge of use of

2

1   tear gas was reduced to a misdemeanor and ultimately dismissed for lack of evidence.  To prevail

2   on a claim for false arrest under section 1983, plaintiff must demonstrate that there was no

3   probable cause to arrest him.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th

4   Cir.1998) ("To prevail on his § 1983 claim for false arrest ..., [plaintiff] would have to

5   demonstrate that there was no probable cause to arrest him.").  The allegations as set forth in

6   plaintiff's amended complaint are insufficient to state a claim under section 1983.  "Probable

7   cause to arrest exists when officers have knowledge or reasonably trustworthy information

8   sufficient to lead a person of reasonable caution to believe that an offense has been or is being

9   committed by the person being arrested."  United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir.

10  2007) (defining probable cause and explaining that it is an objective standard).  "Probable cause

11  does not require the same type of specific evidence of each element of the offense as would be

12  needed to support a conviction."  Adams v. Williams, 407 U.S. 143, 149 (1972); see also Henry

13  v. United States, 361 U.S. 98, 102 (1959) (evidence required to establish guilt not necessary for

14  probable cause).

15      The exhibits attached to plaintiff's amended complaint demonstrate that the arresting

16  officer knew that several people were treated at the scene by paramedics for exposure to oleoresin

17  capsicum spray, that one victim was transported by ambulance for shortness of breath from being

18  sprayed, that plaintiff was observed by at least one witness spraying something at a group of

19  people, and that several people reported to the arresting officer that plaintiff had assaulted them

20  with pepper spray inside the bar.  Under these circumstances, the arresting officer had probable

21  cause to arrest plaintiff for felony misuse of tear gas.[1]

22      Plaintiff also names as defendants the City of Vacaville.  In order to hold the City liable

23  on a section 1983 claim, plaintiff must show that his rights were violated pursuant to a municipal

24  _____

25  [1]   California Penal Code § 22810 provides in pertinent part:  "Notwithstanding any other
    provision of law, any person may purchase, possess, or use tear gas or any tear gas weapon for the
26  projection or release of tear gas if the tear gas or tear gas weapon is used solely for self-defense
    purposes . . . any person who uses tear gas or any tear gas weapon except in self-defense is guilty
27  of a public offense and is punishable by imprisonment . . . for 16 months, or two or three years or
    in a county jail not to exceed one year or by a fine not to exceed one thousand dollars ($1,000), or
28  by both the fine and imprisonment."  Cal. Pen. Code § 22810(g)(1).

1   custom or policy.  Monell v. Department of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56

2   L.Ed.2d 611 (1978).  Plaintiff, however, has failed to identify any policy or custom of the City

3   underlying the arrest of plaintiff.

4          In addition, plaintiff seeks expungement of his arrest record under California Penal Code

5   § 851.8 and alleges that his civil rights have been violated in connection with defendants' failure

6   to remove his arrest record from the criminal database.  In this case, an accusatory pleading was

7   filed against plaintiff after his arrest but no conviction occurred.  As such, under California Penal

8   Code § 851.8(c), plaintiff may petition the court that dismissed the action for a finding that

9   plaintiff is factually innocent of the charges for which the arrest was made.  This court, however,

10  does not have the authority to grant the relief plaintiff seeks.

11         Plaintiff also alleges a claim predicated on violation of 18 U.S.C. § 1510.  That statute is a

12  federal criminal statute addressing obstruction of criminal investigations and does not give rise to

13  a private right of action.

14         Plaintiff is informed that the court cannot refer to a prior pleading in order to make

15  plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

16  be complete in itself without reference to any prior pleading.  This is because, as a general rule,

17  an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

18  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

19  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

20  and the involvement of each defendant must be sufficiently alleged.

21         In accordance with the above, IT IS HEREBY ORDERED that:

22         1.  Plaintiff's first amended complaint is dismissed; and

23         2.  Plaintiff is granted thirty days from the date of service of this order to file a second

24  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

25  and the Local Rules of Practice; the second amended complaint must bear the docket number

26  assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an

27  original and two copies of the second amended complaint; failure to file a second amended

28  /////

1   complaint in accordance with this order will result in a recommendation that this action be

2   dismissed.

3   Dated:  September 8, 2014

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6   4 mallory.2.lta

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28