1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MALLORY, | No. 2:14-cv-1203 KJM CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| VACAVILLE POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. The action was referred to this court by Local Rule 302(c)(21).

Plaintiff has filed a second amended complaint. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In this action, plaintiff alleges claims arising out of his arrest for use of pepper spray during an altercation at a dance club in Vacaville, California. Plaintiff alleges he was wrongfully arrested and imprisoned for three days. Plaintiff further alleges that the felony charge of use of tear gas was reduced to a misdemeanor and ultimately dismissed for lack of evidence. To prevail on a claim for false arrest under section 1983, plaintiff must demonstrate that there was no probable cause to arrest him. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his § 1983 claim for false arrest ..., [plaintiff] would have to demonstrate that there was no probable cause to arrest him."). The allegations as set forth in plaintiff's second amended complaint are insufficient to state a claim under section 1983. "Probable cause to arrest

exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (defining probable cause and explaining that it is an objective standard).  "Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." Adams v. Williams, 407 U.S. 143, 149 (1972); see also Henry v. United States, 361 U.S. 98, 102 (1959) (evidence required to establish guilt not necessary for probably cause).  The exhibits attached to plaintiff's first amended complaint[1] demonstrate that the arresting officer knew that several people were treated at the scene by paramedics for exposure to oleoresin capsicum spray, that one victim was transported by ambulance for shortness of breath from being sprayed, that plaintiff was observed by at least one witness spraying something at a group of people, and that several people reported to the arresting officer that plaintiff had assaulted them with pepper spray inside the bar.  Under these circumstances, the arresting officer had probable cause to arrest plaintiff for felony misuse of tear gas.[2]

Plaintiff also names as defendants the City of Vacaville and the Vacaville Police Department.  In order to hold the City liable on a section 1983 claim, plaintiff must show that his rights were violated pursuant to a municipal custom or policy.  Monell v. Department of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).  Plaintiff, however, has failed to identify any policy or custom of the City underlying the arrest of plaintiff.

In addition, plaintiff seeks expungement of his arrest record under California Penal Code § 851.8 and alleges that his civil rights have been violated in connection with defendants' failure

---

[1]  Although plaintiff did not attach these exhibits to the second amended complaint, plaintiff cannot make self-serving allegations which contradict the exhibits previously submitted by plaintiff in support of his claims.

[2]  California Penal Code § 22810 provides in pertinent part:  "Notwithstanding any other provision of law, any person may purchase, possess, or use tear gas or any tear gas weapon for the projection or release of tear gas if the tear gas or tear gas weapon is used solely for self-defense purposes . . . any person who uses tear gas or any tear gas weapon except in self-defense is guilty of a public offense and is punishable by imprisonment . . . for 16 months, or two or three years or in a county jail not to exceed one year or by a fine not to exceed one thousand dollars ($1,000), or by both the fine and imprisonment."  Cal. Pen. Code § 22810(g)(1).

1  to remove his arrest record from the criminal database.  In this case, an accusatory pleading was
2  filed against plaintiff after his arrest but no conviction occurred.  As such, under California Penal
3  Code § 851.8(c), plaintiff may petition the court that dismissed the action for a finding that
4  plaintiff is factually innocent of the charges for which the arrest was made.  This court, however,
5  does not have the authority to grant the relief plaintiff seeks.

6       Plaintiff has now filed three complaints.  Plaintiff's second amended complaint again
7  suffers from the deficiencies previously noted with regard to the original and first amended
8  complaints.  In each complaint, plaintiff has failed to allege in a nonconclusory fashion the proper
9  elements for the causes of action pled in the complaint.  Despite repeated opportunities to cure the
10 deficiencies in his complaints, plaintiff has failed to do so.  Moreover, it appears that further
11 amendment would be futile.

12       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

13       These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
18 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
19 Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  Dated:  November 18, 2014

21                                    _____
                                      CAROLYN K. DELANEY
22                                    UNITED STATES MAGISTRATE JUDGE

23  4 mallory1203.57